ELECTRONICALLY FILED - 2021 Jul 21 9:54 AM - GREENVILLE - COMMON PLEAS - CASE#2021CP2303427

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMONS PLEAS |
| | 13TH JUDICIAL COURT |
| COUNTY OF GREENVILLE | Civil Action No.: 2021-CP-23-_____ |

Sherilyn Hall,

                                Plaintiff,

v.

City of Greenville, Piedmont Kennel Club, Inc., and MB-F, Inc.,

                                Defendants.

**SUMMONS**
**(JURY TRIAL REQUESTED)**

TO:    THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at PO Box 5048, Spartanburg, SC 29304, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

HAWKLAW, PA

/s/ *Andrew C. Evans*
Andrew C. Evans, SC Bar No 100605
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
*Attorney for Plaintiff*

Charleston, South Carolina

July 20 ,2021

ELECTRONICALLY FILED - 2021 Jul 21 9:54 AM - GREENVILLE - COMMON PLEAS - CASE#2021CP2303427

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMONS PLEAS<br>13TH JUDICIAL COURT |
| COUNTY OF GREENVILLE | Civil Action No.: 2021-CP-23-_____ |

Sherilyn Hall,

                                      Plaintiff,

v.

City of Greenville, Piedmont Kennel Club, Inc., and MB-F, Inc.,

                                      Defendants.

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

The Plaintiff would respectfully show unto the Court that:

    1.    Plaintiff Sherilyn Hall (hereinafter "Plaintiff") is a citizen and resident of the State of Florida.

    2.    Upon information and belief, Defendant City of Greenville (hereinafter "Defendant City") is a government municipality organized and existing in the State of South Carolina and is the owner and operator of the premises that is the subject of this action.

    3.    Upon information and belief, Defendant Piedmont Kennel Club (hereinafter "Defendant Piedmont") is a corporation organized and existing under the laws of the State of North Carolina that transacts substantial business in the State of South Carolina, including Greenville County. These transactions include the operation, custody, and control of the premises that is the subject of this action at all times relevant hereto.

    4.    Upon information and belief, Defendant MB-F, Inc. (hereinafter "Defendant MB-F") is a corporation organized and existing under the laws of the State of North Carolina that transacts substantial business in the State of South Carolina, including Greenville County. These transactions include the operation, custody, and control of the premises that is the subject of this action at all times relevant hereto.

    5.    All acts and omissions complained of herein occurred in Greenville County,

ELECTRONICALLY FILED - 2021 Jul 21 9:54 AM - GREENVILLE - COMMON PLEAS - CASE#2021CP2303427

South Carolina.

6. This Court has jurisdiction over the person and subject matter of this action and venue is proper in Greenville County, South Carolina, pursuant to S.C. Code Ann. § 15- 7-30(C)(1).

## FACTUAL BACKGROUND

7. All prior paragraphs are reiterated as if fully restated verbatim herein.

8. On or about July 27, 2019, Plaintiff was an invitee on Defendants' property located at 1 Exposition Drive, Greenville, South Carolina, a/k/a The Greenville Convention Center.

9. Upon information and belief, Defendant Piedmont had leased the premises in order to hold an event, for which the Plaintiff was an invitee. Defendant MB-F, along with Defendant Piedmont, was jointly responsible for the operation of the event. As part of the event, Defendants Piedmont and MB-F were exercising custody and control of the premises located at 1 Exposition Drive, Greenville, South Carolina, a/k/a The Greenville Convention Center.

10. Plaintiff was traversing a portion of the floor on the premises and tripped over a rug or mat that had been improperly placed, maintained, and/or inspected, causing Plaintiff to fall and suffer serious bodily injury.

11. At all times relevant hereto, Plaintiff was exercising reasonable care for her own safety and did not see the hazard, nor was there any signage warning her of the hazard.

12. As a result of the fall caused by the hazard, Plaintiff suffered damages as more fully set forth below.

## FOR A FIRST CAUSE OF ACTION
**(Negligence, Gross Negligence, Recklessness as to Defendant City of Greenville)**

13. All prior paragraphs are reiterated as if fully restated verbatim herein.

14. As Plaintiff was a business invitee, Defendant City owed Plaintiff certain

ELECTRONICALLY FILED - 2021 Jul 21 9:54 AM - GREENVILLE - COMMON PLEAS - CASE#2021CP2303427

duties of care, including the duty to take reasonable care to ensure Plaintiff's safety.

15. Defendant City and their agents, employees, and servants were negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiff, a business invitee, in one or more of the following particulars:

a. In erecting, or allowing to be erected, or placing or allowing to be placed the hazardous mat on the premises, which Defendant City knew or should have known posed an unreasonable risk of harm to Plaintiff and other invitees;

b. In failing to discover that the mat was a hazard and posed an unreasonable risk of harm to Plaintiff and other invitees;

c. In failing to remove the hazardous mat after discovering that it was a hazard and posed an unreasonable risk of harm to Plaintiff and other invitees;

d. In failing to replace or fix the hazardous mat after discovering that it was a hazard and posed an unreasonable risk of harm to Plaintiff and other invitees;

e. In failing to warn Plaintiff and others of the dangerous condition of the premises due to the hazardous mat and the risk of injury to Plaintiff and other business invitees presented by the hazardous condition;

f. In failing to maintain the premises in a reasonably safe condition for Plaintiff and others;

g. In failing to act as reasonable business owners and property managers regarding the maintenance and safety of premises which were under their control and supervision; And

h. In such other particulars as may be revealed during discovery and at the trial of this matter.

ELECTRONICALLY FILED - 2021 Jul 21 9:54 AM - GREENVILLE - COMMON PLEAS - CASE#2021CP2303427

16. As a direct and proximate result of Defendant City's breaches of duty and failure to adhere to the appropriate standards of care under the circumstances, Plaintiff has sustained injuries and damages including, but not necessarily limited to:

    a. Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

    b. Pain and suffering, past, present, and future;

    c. Permanent injury and impairment;

    d. Loss of enjoyment of life;

    e. Loss of use;

    f. Disability for a period of time;

    g. Mental anguish and distress;

    h. Lost wages; and,

    i. Such other and further damages as shall be proven at trial.

17. Plaintiff is informed and believes and alleges that Defendant City is jointly and severally liable to her for actual and punitive damages.

## FOR A SECOND CAUSE OF ACTION
**(Negligence, Gross Negligence, Recklessness as to Defendant Piedmont Kennel Club, Inc.)**

18. All prior paragraphs are reiterated as if fully restated verbatim herein.

19. As Plaintiff was a business invitee, Defendant Piedmont owed Plaintiff certain duties of care, including the duty to take reasonable care to ensure Plaintiff's safety.

20. Defendant Piedmont and its agents, employees, and servants were negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiff, a business invitee, in one or more of the following particulars:

    a. In erecting, or allowing to be erected, or placing or allowing to be placed the hazardous mat on the premises, which Defendant Piedmont knew or should have known posed an unreasonable risk of harm to Plaintiff and

ELECTRONICALLY FILED - 2021 Jul 21 9:54 AM - GREENVILLE - COMMON PLEAS - CASE#2021CP2303427

other invitees;

b. In failing to discover that the mat was a hazard and posed an unreasonable risk of harm to Plaintiff and other invitees;

c. In failing to remove the hazardous mat after discovering that it was a hazard and posed an unreasonable risk of harm to Plaintiff and other invitees;

d. In failing to replace or fix the hazardous mat after discovering that it was a hazard and posed an unreasonable risk of harm to Plaintiff and other invitees;

e. In failing to warn Plaintiff and others of the dangerous condition of the premises due to the hazardous mat and the risk of injury to Plaintiff and other business invitees presented by the hazardous condition;

f. In failing to maintain the premises in a reasonably safe condition for Plaintiff and others;

g. In failing to act as reasonable business owners and property managers regarding the maintenance and safety of premises which were under their control and supervision; And

h. In such other particulars as may be revealed during discovery and at the trial of this matter.

21. As a direct and proximate result of Defendant Piedmont's breaches of duty and failure to adhere to the appropriate standards of care under the circumstances, Plaintiff has sustained injuries and damages including, but not necessarily limited to:

a. Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

b. Pain and suffering, past, present, and future;

c. Permanent injury and impairment;

ELECTRONICALLY FILED - 2021 Jul 21 9:54 AM - GREENVILLE - COMMON PLEAS - CASE#2021CP2303427

    d.    Loss of enjoyment of life;

    e.    Loss of use;

    f.    Disability for a period of time;

    g.    Mental anguish and distress;

    h.    Lost wages; and,

    i.    Such other and further damages as shall be proven at trial.

22. Plaintiff is informed and believes and alleges that Defendant Piedmont is jointly and severally liable to her for actual and punitive damages.

## FOR A THIRD CAUSE OF ACTION
**(Negligence, Gross Negligence, Recklessness as to Defendant MB-F, Inc.)**

23. All prior paragraphs are reiterated as if fully restated verbatim herein.

24. As Plaintiff was a business invitee, Defendant MB-F owed Plaintiff certain duties of care, including the duty to take reasonable care to ensure Plaintiff's safety.

25. Defendant MB-F and their agents, employees, and servants were negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiff, a business invitee, in one or more of the following particulars:

    a.    In erecting, or allowing to be erected, or placing or allowing to be placed the hazardous mat on the premises, which Defendant MB-F knew or should have known posed an unreasonable risk of harm to Plaintiff and other invitees;

    b.    In failing to discover that the mat was a hazard and posed an unreasonable risk of harm to Plaintiff and other invitees;

    c.    In failing to remove the hazardous mat after discovering that it was a hazard and posed an unreasonable risk of harm to Plaintiff and other invitees;

    d.    In failing to replace or fix the hazardous mat after discovering that

ELECTRONICALLY FILED - 2021 Jul 21 9:54 AM - GREENVILLE - COMMON PLEAS - CASE#2021CP2303427

it was a hazard and posed an unreasonable risk of harm to Plaintiff and other invitees;

e. In failing to warn Plaintiff and others of the dangerous condition of the premises due to the hazardous mat and the risk of injury to Plaintiff and other business invitees presented by the hazardous condition;

f. In failing to maintain the premises in a reasonably safe condition for Plaintiff and others;

g. In failing to act as reasonable business owners and property managers regarding the maintenance and safety of premises which were under their control and supervision; And

h. In such other particulars as may be revealed during discovery and at the trial of this matter.

26. As a direct and proximate result of Defendant MB-F's breaches of duty and failure to adhere to the appropriate standards of care under the circumstances, Plaintiff has sustained injuries and damages including, but not necessarily limited to:

a. Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

b. Pain and suffering, past, present, and future;

c. Permanent injury and impairment;

d. Loss of enjoyment of life;

e. Loss of use;

f. Disability for a period of time;

g. Mental anguish and distress;

h. Lost wages; and,

i. Such other and further damages as shall be proven at trial.

27. Plaintiff is informed and believes and alleges that Defendant MB-F is jointly

ELECTRONICALLY FILED - 2021 Jul 21 9:54 AM - GREENVILLE - COMMON PLEAS - CASE#2021CP2303427

and severally liable to her for actual and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for actual and punitive damages in an appropriate amount to be determined at trial, the costs of this action, and for such and further relief as the Court may deem just and proper.

**Furthermore, Plaintiff demands a trial by jury.**

HAWKLAW, PA

*/S/ Andrew C. Evans*
Andrew C. Evans, SC Bar No: 100605
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
*Attorney for the Plaintiff*

Charleston, South Carolina
July 20, 2021